# THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No.  15-cv-00203-WJM-MJW

ICLICK INC., a Washington corporation,

Plaintiff,

vs.

ICLICK INTERACTIVE ASIA LIMITED, a foreign corporation,

Defendant.

## PROTECTIVE ORDER  ( Docket No 31-1 )

Whereas, the parties to the above-captioned action (the "Action"), Plaintiff, iClick, Inc.,

("Plaintiff"), and Defendant, iClick Interactive Asia Limited ("Defendant"), may seek discovery

or documents, information or other materials which may contain or relate to confidential or

proprietary information, such as commercial processes; research and development; testing

information; financial data (such as pricing, profit margins, and losses); market data and entry

information; business and marketing strategies, customer contacts and requirements; regulatory

filings; business transactions; supplier or distributor contacts and requirements; trade secrets; or

confidential information of another Party or of a third party:

1.  **DEFINITIONS**

1.1.  <u>Confidential Information</u>: any Discovery Material that is stamped or labeled

"Confidential" in a way that brings its attention to a reasonable examiner and does not interfere

with the legibility of the material, or, in the event that such Discovery Material is disclosed in a

form not appropriate for such placing or affixing, is designated in writing as Confidential Information *at the time it is delivered to the Receiving Party.* In the case of electronically stored Discovery Material, the designation of material as "Confidential" shall appear in a database field entitled "Confidentiality" that shall be related to each document. Additionally, each hard drive, disk or other physical item containing native files shall be marked to indicate that it contains Confidential Information.

      1.2.   Counsel of Record: means outside litigation counsel for the Parties who make, an appearance before the Court in this Action, including attorneys, secretaries, legal assistants, and other support personnel who work for the same law firm, to whom it is necessary to disclose Protected Material for the purpose of this Action, currently:

         (a)   Mills Schmitz Halstead Zaloudek LLC, on behalf of Plaintiff

         (b)   Sherman & Howard L.L.C., on behalf of Defendant

         (c)   Cleary Gottlieb Steen & Hamilton LLP, on behalf of Defendant

      1.3.   Court: any judge of the United States District Court for the District of Colorado assigned to the Action.

      1.4.   Discovery Material: any information, document or tangible thing produced in this Action, including information provided in response to discovery requests, interrogatories, requests for production, requests for admission, subpoenas, subpoenas *duces tecum* or deposition questions, and including any material that may be provided for inspection or voluntarily produced by exhibit, declaration, affidavit or other means.

      1.5.   Expert: any consultant retained by either Party to advise or to assist Counsel of Record in the preparation, resolution or trial of this Action.

1.6.    Highly Confidential Information: Discovery Material that is stamped or labeled "Highly Confidential" in a way that brings its attention to a reasonable examiner and does not interfere with the legibility of the material, or, in the event that such Discovery Material is disclosed in a form not appropriate for such placing or affixing, is designated in writing as Highly Confidential Information at the time it is delivered to the Receiving Party. In the case of electronically stored Discovery Material, the designation of material as "Highly Confidential" shall appear in a database field entitled "Confidentiality" that shall be related to each document. Additionally, each hard drive, disk or other physical item containing native files shall be marked to indicate that it contains Highly Confidential Information. Highly Confidential Information is a subset of Confidential Information entitled to greater protection as provided herein.

1.7.    Party: the Plaintiff and Defendant in this Action, including their directors, officers, employees, agents, attorneys or representatives.

1.8.    Producing Party: a person or entity, whether or not a Party to this Action, that produces or otherwise makes available Discovery Material in this Action.

1.9.    Protected Material: any Discovery Material that is designated as "Confidential Information" or "Highly Confidential Information" in accordance with this Protective Order, and any copies, abstracts, summaries, or information derived from such Discovery Material, and any notes or other records regarding the contents of such Discovery Material.

1.10.    Receiving Party: a Party to this Action, including without limitation all directors, officers, employees, agents, attorneys or representatives of the Party that receives Discovery Material from a Producing Party.

3

2.    **USE OF DISCOVERY MATERIAL**

2.1.    Without the prior written consent of the Producing Party, Discovery Material produced or furnished in this Action by any person shall not be used by the Receiving Party for any purpose other than the prosecution or defense of the Action, including appeals. This provision shall not apply, however, to any Discovery Material that is or was publicly available, or obtained by the Receiving Party independently of formal discovery in the Action.

3.    **MATERIAL ENTITLED TO CONFIDENTIAL DESIGNATION**

3.1.    A Designating Person may designate as "Confidential Information" any Discovery Material which the Designating Person reasonably believes to contain non-public and confidential or proprietary information, or that is otherwise entitled to protective treatment under Fed. R. Civ. P. 26(c) or by statute, whether personal or business-related.

4.    **MATERIAL ENTITLED TO HIGHLY CONFIDENTIAL DESIGNATION**

4.1.    A Producing Party may designate as "Highly Confidential Information" the following categories of Discovery Material:

(a)    Information relating to trade secrets, confidential research and development, business strategy, including sensitive financial, contracting, sales, marketing, cost or price data, and other proprietary information the disclosure of which is likely to place the Producing Party at a competitive disadvantage;

(b)    Confidential commercial material or other non-public information received from third-parties; and

(c)    Information that is protected from public disclosure by any statute, rule, or judicial or administrative decisions.

4

5.   **USE AND DISCLOSURE OF DISCOVERY MATERIAL DESIGNATED CONFIDENTIAL INFORMATION**

5.1.    Except with prior written consent from the Producing Party or by order from a court, administrative agency, or other governmental or regulatory body of competent jurisdiction, Discovery Material designated as Confidential Information may be used only in connection with the prosecution or defense of the Action. Confidential Information may be disclosed only to the following persons:

(a)    Counsel of Record in the Action for a Receiving Party (and members of their firms and associates, paralegals, legal assistants, clerical and other regular employees of such counsel who are assisting in the conduct and/or management of the Action) and any internal counsel employed by a Receiving Party who provides assistance in the Action;

(b)    The Court, its staff, and court officials involved in the Action (including court reporters or persons operating video equipment at depositions), any appellate court presiding over the Action, any Special Master appointed by the Court and his or her staff, and any mediators and their staff agreed to by the Parties in the Action;

(c)    Any person designated by the Court in the interest of justice, upon such terms as the Court may deem proper, pursuant to an Order entered upon notice to the Parties;

(d)    Witnesses in preparation for deposition or at deposition, but only in connection with their testimony in the Action and provided counsel has a good faith basis to believe the witness was involved in the subject matter related to the Confidential Information;

(e)    To no more than two officers, directors, or employees of the Receiving Party as counsel in good faith require to provide assistance in the conduct of this Action, and who have

5

read and agreed to the terms of this Protective Order and the "Acknowledgment and Confidentiality Agreement" (Appendix A);

(f)     Outside consultants or Experts retained for the purpose of assisting counsel in the Action, or an attorney or law firm for such outside consultant or Expert subject to the provisions of Paragraph 13 of this Protective Order;

(g)     Third-party contractors engaged in one or more aspects of copying, organizing, filing, coding, converting, storing, or retrieving data or designing programs for handling data connected with the Action, including the performance of such duties in relation to a computerized litigation support system, but only to the extent reasonably necessary to render such services and provided such third-party agrees to be bound by this Protective Order and the "Acknowledgment and Confidentiality Agreement" (Appendix A);

(h)     Any person reflected as an author, addressee, or recipient of the Confidential Information; and

(i)     Graphics or design services retained by counsel for a Party for the purpose of preparing demonstrative or other exhibits for deposition, trial, or other court proceedings in the Action.

5.2.    Before disclosure of any Discovery Material designated as Confidential Information is made to any person described in subsections (d), (e), (f) or (g) of the paragraph, such person shall sign the Confidentiality Undertaking attached hereto as Exhibit A.

6.    **USE AND DISCLOSURE OF DISCOVERY MATERIAL DESIGNATED HIGHLY CONFIDENTIAL**

6.1.    Discovery Material designated as Highly Confidential Information shall be subject to the same treatment as Confidential Information, except that the persons described in

6

subsections 5.1(d) and 5.1(e) above shall be granted access only where those persons are reflected as authors, addressees or recipients of the material designated as Highly Confidential Information.

### 7. PROTECTED MATERIAL IN DEPOSITIONS AND RESPONSES TO DISCOVERY REQUESTS

7.1.    A Party's counsel may show Protected Material to any deposition witness in accordance with Sections 5 and 6.

7.2.    Parties and deponents may, within thirty (30) business days after receiving a final transcript of a deposition, designate pages of the transcript (and exhibits thereto) as either Confidential Information or Highly Confidential Information to the extent they contain information entitled to protection under those designations, as defined in Paragraphs 3 and 4 of this Protective Order, respectively.  Within a deposition transcript, such designations may be made only by marking the pages that contain protected information with the legend: "Confidential" or "Highly Confidential."  Until the expiration of the 30-business-day period during which designations may be made, the entire deposition transcript and exhibits will be treated as designated at the time of the deposition.  If any depositions are recorded by audio or video means, those portions of the recording corresponding to pages of the deposition transcript designated as Confidential or Highly Confidential shall be afforded the same status.  Failure to designate any page of a transcript as Confidential or Highly Confidential in accordance with the terms of this paragraph shall constitute a waiver of any confidentiality of that page.

7.3.    If Discovery Material entitled to protection as either Confidential Information (as defined in Paragraph 3 above) or Highly Confidential Information (as defined in Paragraph 4 above) is included in written answers to discovery requests of any kind, such answers or

responses shall be marked as either "Confidential" or "Highly Confidential," depending on the level of protection to be afforded.

## 8.   DEDESIGNATION OF CONFIDENTIAL INFORMATION

8.1.   Pursuant to Fed. R. Civ. P. 26(c), each Producing Party that designates Discovery Material as Confidential or Highly Confidential shall take care to limit any designation to specific portions of such material that meets the criteria set forth in Paragraphs 3 and 4 of this Protective Order and shall not make mass or indiscriminate designations. The designation by a Producing Party of any Discovery Material as Confidential Information or Highly Confidential Information shall constitute a representation that there is a good faith basis for making such a designation.

8.2.   If the Parties agree that Protected Material has been improperly designated as Confidential or Highly Confidential Information, the Producing Party shall promptly withdraw the improper designation and produce replacement copies of the affected Discovery Material with revised confidentiality designations as soon as is reasonably possible.

8.3.   Nothing in this Protective Order shall be taken as indicating that any information is in fact entitled to treatment as Confidential Information or Highly Confidential Information on the grounds that it is marked as such. The Parties shall not be obligated to challenge the propriety of a Confidential or Highly Confidential designation at the time it is made, and a failure to do so shall not preclude a subsequent challenge thereto. If, at any time, a dispute arises with respect to the propriety or correctness of the designation of any Protected Material as Confidential or Highly Confidential, including testimony and documents, the Parties shall attempt to resolve the dispute by negotiation. If such negotiations fail to resolve the dispute, any

Party wishing to challenge the designation may file a motion for an appropriate order. Should such a motion be filed, the Protected Material in dispute shall be treated as designated by the Producing Party until the dispute is resolved. Nothing in this Protective Order shall be construed as preventing any Party from objecting to the designation of any Discovery Material or preventing any Party from seeking protection for any Discovery Material.

### 9.    INADVERTENT FAILURE TO DESIGNATE

9.1.    A Producing Party may notify the receiving Parties that Discovery Material that should have been designated as Confidential Information or Highly Confidential Information under the terms of this Protective Order was inadvertently produced without being designated as such. Upon receiving such notice from the Producing Party, the Party receiving such notice shall immediately treat the Discovery Material as if it had been so designated and shall place the appropriate designation on the document within five (5) business days of receipt of such notice. No Party shall be deemed to have violated this Protective Order if, prior to notification of any later designation, such Discovery Material has been disclosed or used in a manner inconsistent with the later designation. Once such a designation has been made, however, the relevant documents or materials shall be treated as Confidential Information or Highly Confidential Information in accordance with this Protective Order; provided, however, that if the Discovery Material that was inadvertently not designated is, at the time of the later designation, filed with a court on the public record, the Producing Party who failed to make the designation shall, if so advised, move for appropriate relief.

9.2.    If an inadvertently omitted Confidential or Highly Confidential designation is first claimed during the course of a deposition, hearing, or other court proceeding, the subject

Discovery Material may be used throughout that deposition, hearing, or proceeding as though no designation had been made, but shall be treated as though such designation had been made immediately thereafter.

10.    **PRIVILEGED DISCOVERY MATERIAL**

10.1    In the event that a Producing Party inadvertently produces information that otherwise is not discoverable based upon the attorney-client privilege or word product immunity, the Producing Party, upon discovery of such inadvertent disclosure, shall inform the Receiving Party and request that the inadvertently produced information be returned or destroyed.  Upon such notice, the Receiving Party shall promptly return or destroy the inadvertently produced information.  Within thirty (30) days of informing the Receiving Party of the inadvertent disclosure, the Producing Party shall identify the inadvertently produced information on a privilege log and shall provide a replacement document, redacted to obscure only the privileged or immune information.  Prior to receipt of such notice, disclosure to persons not authorized to receive such information shall not be deemed a violation of this Protective Order and shall not be deemed a waiver of any privilege held by a Producing Party.  Nothing in this paragraph shall prevent the Receiving Party from challenging in Court the designation of privilege as to any inadvertently produced documents, or from seeking production of any such information withheld on the basis of privilege or other immunity pursuant to the Federal Rules of Civil Procedure.

11.    **FILING PROTECTED MATERIAL WITH THE COURT**

11.1    To the extent that documents containing Protected Material are submitted with any Court filing, the Parties shall comply with all applicable provisions of the Court's December 1, 2004, Electronic Case Filing Procedures (Civil) for the District of Colorado (the "Colorado

ECF Procedures").[1] Further, any documents containing Protected Material filed with the Court shall be accompanied by (1) a motion pursuant to D. Colo. L. R. 7.2(c) requesting level 1 restriction or higher to any Protected Material, which pursuant to 5.2(b) of the Colorado ECF Procedures restricts access to the Parties and the Court, and (2) a version of the document for public access with any Protected Material redacted.

11.2    Any pleading, motion, deposition transcript or other paper filed with the Court that contains Confidential or Highly Confidential Information shall be marked with such designation ONLY on those pages that actually contain Confidential or Highly Confidential Information.

12.    **CUSTODY OF PROTECTED MATERIAL**

Protected Material shall not be copied or otherwise produced by a Receiving Party, except for transmission to qualified recipients as specified in this Protective Order, without the written permission of the Producing Party, or, in the alternative, by further Order of the Court. Nothing herein shall, however, restrict a Receiving Party from (1) making working copies, abstracts, digests and analyses of Protected Material for use in connection with this litigation and such working copies, abstracts, digests and analyses shall be deemed Protected Material, or (2) from converting or translating Protected Material into machine readable form for incorporation into a data retrieval system used in connection with this Action, provided that access to that Protected Material, in whatever form stored or reproduced, shall be limited to qualified recipients.

---

[1]    Available at http://www.cod.uscourts.gov/CourtOperations/CMECF.aspx.

13.   **EXPERTS**

13.1.   Each Receiving Party may designate Experts to receive Protected Material of a Producing Party. A Party desiring to disclose Protected Material to an Expert shall serve written notice on the other Party no less than five (5) business days prior to any disclosure. Written notice shall include (a) the Acknowledgment attached as Appendix B, signed by the Expert, (b) the curriculum vitae of the Expert, including information on educational background beyond high school and all professional employment by employer, position, time period and location, and (c) disclosure of any previous or current relationship with any of the Parties.

13.2.   No Protected Material shall be disclosed to the Expert by the Receiving Party until after the expiration of the foregoing notice period. Consent to the disclosure of Protected Material to a proposed Expert may not be unreasonably withheld. If, however, during the notice period the other Party objects to the disclosure, there shall be no disclosure of that Party's or any third Party's Protected Material to the Expert, except by further Order of the Court. Any objection shall include a complete explanation of the basis of the objection. The objecting Party shall move the Court within ten (10) business days after the expiration of the foregoing notice period for a ruling on its objection. The objecting Party shall have the burden of showing to the Court "good cause" for preventing the disclosure. A failure to file a motion within the ten (10) business day period shall operate as an approval of the disclosure.

13.3.   The disclosure of an Expert under this paragraph shall not commit a Party to identifying or utilizing that person as an Expert or witness at trial, nor shall it give the other Party the right to comment on the absence of that person as a witness at trial. A non-testifying Expert

consultant who would not otherwise be subject to deposition does not become subject to deposition solely because he or she is disclosed pursuant to this paragraph.

14. **INDEPENDENT BUSINESSES OR INDIVIDUALS ASSISTING COUNSEL**

14.1.    Before any disclosure of Confidential Information or Highly Confidential Information of another Party is made to an outside independent individual or business, such as trial consultants, jury consultants, mock jurors, focus group members and others employed by counsel for assistance in the preparation, prosecution or trial of this Action, such individual or business shall be furnished with a copy of this Protective Order and shall sign the appropriate Acknowledgement And Confidentiality Agreement, attached to this Protective Order as Exhibits A and C, and such statement shall be kept by the employing counsel for reference should such be necessary. The name of each such individual or business shall be filed with the Court under restriction upon request of the other Party. For a business, the statement shall be signed by a person authorized to bind the business organization who shall advise any other personnel of such business to whom Confidential Information or Highly Confidential Information is disclosed of the obligations imposed by this Protective Order.

14.2.    Each outside independent individual or business who is known to be an employee or agent of or consultant to any third party competitor of the Party whose Confidential Information or Highly Confidential Information is sought to be disclosed to such individual or business shall be identified to the other Party prior to making any such disclosure in sufficient time (not less than two (2) weeks) for such Party to object and to seek further protection should it deem that necessary. If such Party objects, no disclosure shall be made to such individual or business until the matter is resolved.

14.3.   Should any Party utilize the services of a trial consultant, jury consultant, mock jurors or focus group members in connection with the Action, none of the consultants, facilitators, participants or anyone else involved in such an exercise shall be permitted to keep any documents, notes, or other materials created by, used or provided to them and counsel shall take measures to ensure and account for return of all such materials before concluding the exercise.  Further, prior to participating in any mock jury or focus group exercise, each consultant, facilitator, participant and anyone else involved must verify in writing that neither they, nor members of their immediate family or household are employed by or affiliated with a Party or a Party's direct competitor (as identified by name or subject matter in writing by each Party not later than  February 10, 2017).

15.    **PROTECTED DOCUMENTS AND MATERIALS AT TRIAL**

No fewer than thirty (30) days before the date upon which the Parties are directed to submit a joint pretrial Order in each above-captioned case, the Parties shall meet and confer to negotiate a proposal for Court approval addressing the treatment of Confidential Information and Highly Confidential Information at trial.  Such proposal shall be submitted to the Court as a part of or contemporaneously with the joint pretrial Order.  To the extent the Parties fail to agree on a proposal addressing the use of Confidential Information and Highly Confidential Information at trial, they may submit alternative proposals to the Court.  Neither this Protective Order nor any designation of confidentiality shall (a) affect the admissibility into evidence of the information so designated, or (b) alter the constitutional presumption that federal trials and court records should be open to the public.

14

16.   **REQUEST FOR PRODUCTION IN UNRELATED LEGAL PROCEEDINGS**

In the event any Receiving Party receives from or on behalf of a non-party a subpoena or other process or order to produce Protected Material in another unrelated legal proceeding, such Receiving Party shall: (a) notify the Producing Party; (b) furnish the Producing Party with a copy of said subpoena or other process or order; and (c) cooperate with respect to all reasonable procedures sought to be pursued by the Producing Party whose interests may be affected. The Producing Party shall have the burden of defending against such subpoena, process, or order. The Receiving Party receiving the subpoena or other process or order shall cooperate with the Producing Party seeking an order modifying or quashing the subpoena or other process or order.

17.   **NON-PARTY USE OF THIS PROTECTIVE ORDER**

A non-party who produces Discovery Material voluntarily or pursuant to a subpoena or a court order may designate such Discovery Material as Confidential Information or Highly Confidential Information pursuant to the terms of this Protective Order. Any Party seeking to challenge the designation of non-party information as Confidential Information or Highly Confidential Information, or who is seeking to use such information in proceedings where it may become a part of the public record, shall provide notice to the non-party in sufficient time to allow the non-party to appear and seek continued protection of its information as designated.

18.   **RIGHT TO FURTHER RELIEF**

Nothing in this Protective Order shall abridge the right of any person to seek judicial review or to pursue other appropriate judicial action to seek a modification or amendment of this Protective Order.

19.   **AMENDMENT**

This Protective Order may be amended only where Counsel of Record for all Parties file

a Joint Motion to Amend Protective Order that is subsequently granted by the Court, or by other

Order of the Court.

20.   **NOTICE**

Where this Protective Order contemplates notice from one Party to another Party, such

notice shall be effectuated via email to all Counsel of Record for the Party to be noticed.

21.   **RIGHT TO ASSERT OTHER OBJECTIONS**

This Protective Order shall not be construed as waiving any right to assert a claim of

privilege, relevance, overbreadth, burdensomeness or other grounds for not producing Discovery

Material, whether during discovery, hearing or trial, and access to such Discovery Material shall

be only as otherwise provided by the discovery rules and other applicable law.

22.   **FINAL DISPOSITION**

The provisions of this Protective Order shall continue to be binding after final

termination of the Action.  Within one hundred and twenty (120) days after final conclusion of

all aspects of the Action, including any appeals, any Party or person who received Confidential

Information or Highly Confidential Information in the Action must, at the option of the

Receiving Party, (a) return such documents and materials to the Producing Party, or (b) certify in

writing to counsel to the Producing Party that the Receiving Party has destroyed the designated

material (via cross shredding, incineration, or magnetic wipe) other than counsel's copies of

exhibits filed under restriction with the Court, counsel's file copies of papers prepared in

connection with the Action, e.g., pleadings, court papers and other papers served in the Action, and counsel's file copies of deposition and trial transcripts.

23.   **CONSENT TO JURISDICTION**

Any person or Party receiving any Confidential Information or Highly Confidential Information in accordance with any provision of this Protective Order hereby agrees to subject himself or herself to the jurisdiction of the Court for the purpose of any proceedings relating to the performance under, compliance with, or violation of, this Protective Order.

24.   **COURT'S ENTRY OF THE PROTECTIVE ORDER**

Upon signature by both Parties to the Protective Order and before the Court enters the Protective Order, the Parties agree to exchange information designated Confidential Information and Highly Confidential Information based on the terms provided herein. The Parties further agree that should the Court alter the terms of the Protective Order affecting what material may be designated as Confidential Information and/or Highly Confidential Information, any previously disclosed Protected Material affected by the altered terms shall not be subsequently disclosed to anyone not authorized under the altered terms to view such material, absent agreement by the Parties on the treatment of the Protected Material implicated by any such alterations or absent further Order of the Court.

Dated: October 5, 2015

Respectfully submitted,


/s/ John P. Schmitz
John P. Schmitz
Mills Schmitz Halstead & Zaloudek, LLC
600 Seventeenth Street, Suite 2800
Denver, Colorado  80202
(303)226-5861


*Attorneys for Plaintiff*

/s/ Arminda B. Bepko
Lawrence B. Friedman
Arminda B. Bepko
Cleary Gottlieb Steen & Hamilton LLP
One Liberty Plaza
New York, NY 10006
(212) 225-2000

-and-

James G. Sawtelle
Christopher M. Jackson
Sherman & Howard L.L.C
633 17th Street, Suite 3000
Denver, Colorado 80202
(303) 297-2900

*Attorneys for Defendant*


SO ORDERED:

Dated October 6, 2015


Honorable Michael J. Watanabe
United States Magistrate Judge

APPENDIX A

ACKNOWLEDGMENT AND CONFIDENTIALITY AGREEMENT
(For Access to Confidential and Highly Confidential Information)

I, _____, hereby acknowledge that:

(i)     I have read the Protective Order entered in the action presently pending in the U.S.

        District Court for the District of Colorado captioned *ICLICK Inc., v. iClick Interactive*

        *Asia Limited*, (Civil Action No. 15-cv-00203);

(ii)    I understand the terms of the Protective Order;

(iii)   I agree, upon threat of penalty of contempt and other civil remedies, to be bound by the

        Protective Order's terms;

(iv)    I irrevocably submit to the jurisdiction of the U.S. District Court for the District of

        Colorado for the limited purpose of securing compliance with the terms and conditions of

        the Protective Order.

DATED: _____    _____
                                  Signature

                                  _____
                                  Name

                                  _____
                                  Present Employer

                                  _____
                                  Title/Occupation

                                  _____
                                  Address

                                  _____
                                  City          State          ZIP

                                  _____
                                  Telephone Number

1

APPENDIX B

<u>ACKNOWLEDGMENT AND CONFIDENTIALITY AGREEMENT</u>
(For Experts)

I, _____, hereby acknowledge that:

(i)     I have read the Protective Order entered in the action presently pending in the U.S.

        District Court for the District of Colorado captioned *ICLICK, Inc., v. iClick Interactive*

        *Asia Limited*, (Civil Action No. 15-cv-00203);

(ii)    I understand the terms of the Protective Order;

(iii)   I agree, upon threat of penalty of contempt and other civil remedies, to be bound by the

        Protective Order's terms; and

(iv)    I certify that I am not a competitor to any Party, or a consultant for, or employed by, such

        a competitor with respect to the specific subject matter of this case;

(v)     I understand that I am to maintain all copies of any Protected Material that I receive in a

        container, cabinet, drawer, room, password protected computer medium, or other safe

        place in a manner consistent with this Protective Order, and that all copies are to remain

        in my custody only until I have completed my assigned duties, whereupon the copies are

        to be destroyed or returned to the Producing Party or Stipulating Third Party. Such return

        or destruction shall not relieve me from any of the continuing obligations imposed upon

        me by the Protective Order. I further agree to notify any stenographic or clerical

        personnel who are required to assist me of the terms of the Protective Order; and

(vi)    I irrevocably submit to the jurisdiction of the District Court for the District of Colorado

        for the limited purpose of securing compliance with the terms and conditions of the

        Protective Order.

DATED: _____

_____
Signature

_____
Name

_____
Present Employer

_____
Title/Occupation

_____
Address

_____
City          State          ZIP

_____
Telephone Number

2

APPENDIX C

ACKNOWLEDGMENT AND CONFIDENTIALITY AGREEMENT
(For Trial Consultants, Jury Consultants, Mock Jurors and Focus Group Members)

I, _____, hereby acknowledge that:

(i)     I have read the Protective Order entered in the action presently pending in the U.S.

        District Court for the District of Colorado captioned *ICLICK, Inc., v. iClick Interactive*

        *Asia Limited*, (Civil Action No. 15-cv-00203);

(ii)    I understand the terms of the Protective Order;

(iii)   I agree, upon threat of penalty of contempt and other civil remedies, to be bound by the

        Protective Order's terms; and

(iv)    I certify that I am not a competitor to any Party, or a consultant for, or employed by, such

        a competitor with respect to the specific subject matter of this case;

(v)     I understand that when my services in this matter have been concluded, I will destroy all

        materials containing "Confidential" or "Highly Confidential" information or any portions

        or copies, summaries, abstracts or indices thereof, which come into my possession and

        documents or things which I have prepared relating thereto and containing such

        "Confidential" or "Highly Confidential Information; and

(vi)    I irrevocably submit to the jurisdiction of the District Court for the District of Colorado

        for the limited purpose of securing compliance with the terms and conditions of the

        Protective Order.

(vii)   I further hereby provide the following information (information can be provided on

        separate sheets attached hereto):

1

1.      Identity of each person or entity (i.e. former employers) from whom I have received compensation for work in my area of expertise or to whom I have provided professional services at any time during the last five years:

          a._____

          b._____

          c._____

2.      Identity of all litigation(s) (if any) I have provided professional services during the last five years (by name and number of the case, filing date, and location of court):

          a._____

          b._____

          c._____

(viii)  I hereby appoint _____ , whose address and phone number are

_____

as my agent for service or process in connection with this action or any proceedings related to enforcement of the Stipulated Protective Order.

2

Pursuant to 28 U.S.C. § 1746, I state under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

DATED: _____

LOCATION: _____

_____
Signature

_____
Name

_____
Present Employer

_____
Title/Occupation

_____
Address

_____
City          State          ZIP

_____
Telephone Number

3